UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNELL PIERCE,

    Plaintiff,

v.                                                                          Case No.

DISTINCTIVE KITCHENS
AND BATHS, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONNELL PIERCE, by and through his undersigned counsel and sues the Defendant, DISTINCTIVE KITCHENS AND BATHS, LLC, (hereinafter referred to as "Defendant") and states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367.

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. At all times material, Plaintiff, DONNELL PIERCE, was a resident of Hillsborough County, Florida.

4. Defendant, DISTINCTIVE KITCHENS AND BATHS, LLC, is a Foreign Limited Liability Company, authorized and doing business in this Judicial District. At all times material, Defendant employed Plaintiff, DONNELL PIERCE.

5. At all times material, Plaintiff, DONNELL PIERCE, was an employee of Defendant within the meaning of 42 U.S.C. § 1981.

## GENERAL ALLEGATIONS

6. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

8. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff has dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and The Florida Commission

on Human Relations ("FCHR") alleging race discrimination, harassment, and retaliation arising out of the conduct described herein.

11. Plaintiff has not yet received a Notice of Right to Sue from the EEOC. Upon receipt of the Notice of Right to Sue, Plaintiff will timely amend this Complaint to assert claims under Title VII of the Civil Rights Act of 1964.

12. Plaintiff's claims under 42 U.S.C. § 1981 do not require administrative exhaustion and are properly before this Court.

## FACTUAL ALLEGATIONS

13. Plaintiff Donnell Pierce is a Black male who was employed by Defendant as a Driver/Warehouse Helper at Defendant's Tampa facility beginning in or around August 2024.

14. Plaintiff was paid approximately $19.20 per hour, worked full time, and regularly worked overtime.

15. At all relevant times, Joseph Smith was Plaintiff's direct supervisor, and Melody Ruehle was the Operations Manager overseeing the Tampa facility.

16. During Plaintiff's employment, Smith routinely assigned Plaintiff and other Black employees the heaviest and most physically demanding delivery loads, including fully loaded trucks and repeated upstairs deliveries.

17. Similarly situated Hispanic and white employees were routinely assigned lighter delivery loads and were excused from upstairs deliveries under circumstances where Plaintiff was not.

18. Smith openly acknowledged this disparate treatment, stating words to the effect that he had "all the Blacks doing the hard jobs."

19. Black employees—including Plaintiff and other Black drivers—received the overwhelming majority of heavy delivery assignments, while non-Black employees did not.

20. Smith also criticized Plaintiff's appearance, including Plaintiff's natural hair worn in a curly afro style, while permitting Hispanic employees to wear their natural hairstyles without comment.

21. Specifically, Smith told Plaintiff that "this isn't the 1970s or a disco" and instructed Plaintiff that he needed to "get rid of the afro."

22. On or about December 5, 2025, Smith sent Plaintiff text messages containing explicit racial slurs, including calling Plaintiff a "monkey nigger" and "banana boy."

23. In the same communication, Smith threatened Plaintiff's employment and stated that Plaintiff was fired.

24. Smith's statements were severe, racially motivated, and directly tied to Plaintiff's race and his employment relationship with Defendant.

25. Plaintiff promptly reported Smith's racially derogatory comments, racial harassment, and discriminatory work assignments to Operations Manager Melody Ruehle.

26. Plaintiff also reported that Smith was engaging in inappropriate workplace conduct, including drinking alcohol on the job.

27. Plaintiff provided Ruehle with copies of Smith's racially offensive text messages.

28. Rather than taking corrective action, Ruehle minimized Smith's conduct, suggesting that Smith "may not have meant it," and instructed Plaintiff to "work it out" with Smith.

29. Ruehle continued to require Plaintiff to work under Smith despite Smith's direct text message terminating Plaintiff and Plaintiff's expressed fear, loss of trust, and objections based on racial harassment.

30. Plaintiff requested Human Resources involvement and asked for HR contact information. Ruehle refused to provide HR contact information, just stating that their HR representative was out sick and that any investigation into his complaints is "confidential."

31. Following Plaintiff's complaints, Defendant subjected Plaintiff to increased hostility, isolation, and scrutiny, while taking no meaningful action to address Smith's conduct.

32. Despite having actual knowledge of Smith's racial harassment and discriminatory conduct, Defendant failed to remove Smith, failed to discipline him, and failed to take any meaningful corrective action.

33. Instead, Defendant minimized Smith's conduct, required Plaintiff to continue working under Smith, and allowed the racially hostile work environment to persist.

34. Defendant's failure to address the reported racial discrimination ratified Smith's conduct and emboldened further harassment, materially altering the terms and conditions of Plaintiff's employment.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

35. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 through 34 as if fully stated herein.

36. Defendant intentionally discriminated against Plaintiff on the basis of race with respect to the terms, conditions, and privileges of employment, in violation of 42 U.S.C. § 1981.

37. Defendant's conduct included subjecting Plaintiff to racially disparate treatment, racial harassment, and a racially hostile work environment.

38. Defendant knew or should have known of the discrimination and failed to take corrective action.

39. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering;

 e. Punitive damages;

 f. Injunctive relief;

 g. Any other relief this Court deems just and equitable

## COUNT II
## 42 U.S.C. § 1981 RETALIATION

40. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 through 34 as if fully stated herein.

41. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by 42 U.S.C. § 1981.

42. The above described acts of retaliation constitute a violation of 42 U.S.C. § 1981.

43. Defendant knew, or should have known of the retaliation.

44. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Costs and attorney's fees;

    g.    Punitive damages; and

    h.    For any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

45.    Plaintiff, DONNELL PIERCE, demands a trial by jury on all issues so triable.

**DATED** this 23rd day of February, 2026.

                           **FLORIN | GRAY**

                      */s/ Troy E. Longman, II*
                      **TROY E. LONGMAN, II, ESQ.**
                      Florida Bar No.: 1031921
                      tlongman@floringray.com
                      **WOLFGANG M. FLORIN, ESQ.**
                      Florida Bar No.: 907804
                      wflorin@floringray.com
                      16524 Pointe Village Drive
                      Suite 100
                      Lutz, FL  33558
                      (727) 254-5255
                      (727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*